WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa E. Caves,<br><br>      Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of Social Security Administration,<br><br>      Defendant. | No. CV 12-513-TUC-CRP<br><br>**ORDER** |

  This action commenced when Plaintiff Melissa Caves sought judicial review of Defendant's decision denying her applications for disability insurance benefits and supplemental security income. Upon consideration of the parties' briefs on the issue, this Court entered an Order reversing the decision and remanding the matter for an immediate calculation and award of benefits. (Doc. 21). Plaintiff's counsel, J. Patrick Butler, now seeks attorneys' fees in the amount of $5,966.10 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Plaintiff's Motion (Docs. 23 & 24)) for time he and attorney Eric Schnaufer spent working on Plaintiff's case. Although Defendant does not contest the amount of fees requested, Defendant argues that fees are not warranted because the government's action in this case was substantially justified (Defendant's Opposition (Doc. 25)). For the following reasons, the Court grants Plaintiff's request for attorneys' fees.

**DISCUSSION**

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States, although fee-shifting is not mandatory." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). Plaintiff is a prevailing party because the decision denying her benefits was reversed and remanded for an immediate award of benefits. *See Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).

Under the EAJA, reasonable attorneys' fees shall be awarded unless Defendant shows her position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gutierrez*, 274 F.3d at 1258. "Substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce,* 487 U.S. at 565). Further, the EAJA's reference to the government's position encompasses "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier,* 727 F.3d at 870 (citations omitted). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Defendant argues that an award of attorneys' fees should be denied because her position was substantially justified. (Response (Doc. 25)). In the context of a Social Security disability determination, "district courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty*, 592 F.3d at 1078 (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). A position can be substantially justified pursuant to the EAJA even when the position is ultimately incorrect. *Pierce*, 487 U.S. at 566 n.2. The test for

1  determining whether a position was substantially justified, therefore, focuses on whether
2  "a reasonable person could think it correct[.]" *Id*. If "there is a genuine dispute" between
3  reasonable minds then the position is "substantially justified" pursuant to the EAJA. *Id*. at
4  565. However, the government's defense of "basic and fundamental errors" cannot be
5  considered as substantially justified. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir.
6  2008) (holding, *inter alia,* that it was legal error to discredit claimant's testimony without
7  giving clear and convincing reasons and to reject a treating physician's opinion without
8  providing adequate reasons for doing so, and that the Commissioner was not substantially
9  justified in defending it).

10  In this case, the Court found that Defendant's final decision merited remand for
11  immediate award of benefits because the ALJ erroneously rejected the opinion of
12  Plaintiff's treating psychiatrist Dr. Bupp in favor of examining psychologist Dr.
13  Armstrong. (Doc. 21).  The record supports the conclusion that Plaintiff suffered from
14  long-standing mental health issues. The ALJ found that Plaintiff's severe impairments
15  included bipolar disorder, obsessive-compulsive disorder and anxiety disorder. The
16  government contends that the underlying administrative decision and the decision to
17  oppose Plaintiff's request for judicial review was substantially justified because "a
18  reasonable mind could believe that the ALJ's articulation and treatment of [Dr.
19  Bupp's]…opinion was adequate."  (Doc. 25, p. 6) (citations omitted).  Defendant stresses
20  that Dr. Bupp's treatment notes indicating Plaintiff was improved and "much more stable
21  and healthy" on medication, supports the conclusion that reasonable minds could have
22  agreed with the ALJ's decision to reject Dr. Bupp's opinion as inconsistent with his
23  treatment notes and inconsistent with "Plaintiff's statements regarding her abilities…."
24  (*Id.* at pp. 5-6).

25  However, when rejecting treating Dr. Bupp's opinion that Plaintiff suffered from
26  marked limitations in multiple areas, the ALJ failed to heed Ninth Circuit authority that
27  when
28  > discussing mental health issues, it is error [for an ALJ] to reject a claimant's testimony merely because symptoms wax and wane in the course of

- 3 -

> treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. *See, e.g., Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir.2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (footnote omitted). Instead, "[r]eports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. *Id.* (citing *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1200-01 (9th Cir. 2008) ("Nor are the references in [a doctor's] notes that Ryan's anxiety and depression were 'improving' sufficient to undermine the repeated diagnosis of those conditions, or [another doctor's] more detailed report.")). Additionally, such reports of improvement "must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Id.* at 1017-18 (citing *Hutsell v. Massanari,,* 259 F.3d 707, 712 (8th Cir. 2001); *Scott v. Astrue,* 647 F.3d 734, 739-40 (7th Cir. 2011)) (footnote omitted).

As discussed in the Court's Order (Doc. 21), any notation of improvement from time to time did not vitiate Dr. Bupp's opinion. Further, while the ALJ also supported his finding that Plaintiff was not disabled by citing Plaintiff's stated aspirations to work, pursue a master's degree, or publish a book, he failed to take into account the evidence of record supporting the finding that Plaintiff was actually unable to maintain employment due to her mental limitations. As Plaintiff succinctly pointed out, "[s]uggestions by a person with bipolar disorder to engage in such activities are not even a scintilla of evidence for full-time work capacity." (Order (Doc.21), p.13 (quoting Reply (Doc.19), p. 7)). Finally, even though examining Dr. Armstrong, whose opinion the ALJ favored,

indicated that Plaintiff's sustained concentration and persistence, social interaction, and adaptation were within normal limits on the day of his examination but nonetheless were "subject to bipolar interference", nothing in the record supported the conclusion that the limitations the ALJ assessed were consistent with functioning "subject to bipolar interference[.]"

At bottom, the ALJ failed to set forth specific and legitimate reasons for rejecting treating Dr. Bupp's opinion.  When a hypothetical question was posed to the VE incorporating the marked limitations found by Dr. Bupp, the VE testified that such limitations would preclude Plaintiff from working.  The ALJ's burden to state legally sufficient reasons to reject a treating doctor's opinion or to discount credibility is clear under the law. *See e.g. Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995) (setting out ALJ's burden to reject physician testimony); *Robbins v. Social Sec. Admin,* 466 F.3d 880, 884 (9th Cir. 2006) (stating test for discounting a claimant's credibility).  Yet, the ALJ failed to satisfy his burden.  The Ninth Circuit has found that the government was not substantially justified in defending, *inter alia,* the ALJ's failure to meet his burden in rejecting a treating physician's opinion in favor of a non-treating physician's opinion. *Shafer,* 518 F.3d at 1071-72.

Here, the ALJ's decision was unsupported by substantial evidence and based on legal error given his failure to state legally sufficient reasons to support the decision to deny benefits. Defense of such a fundamental error lacks substantial justification on this record. *Id.*  When the government's underlying position is not substantially justified, the Court need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer,* 518 F.3d at 1071). Moreover, consideration of the government's position in this litigation would inevitably result in the conclusion that the government's defense of the ALJ's errors is not substantially justified. *See e.g., Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir.1996) (stating that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."); *Meier,*

727 F.3d at 873 (same); *Green v. Colvin,* 2013 WL 1878924 at *2 (D. Ariz. May 3, 2013) ("While it may be possible that some decision will be unsupported by substantial evidence or based on legal error and yet still have a reasonable basis in law and fact, this is not that case."). This is especially so given that Defendant's attempt to establish substantial justification essentially restates her arguments that the Court previously rejected in its order remanding this matter for an immediate award of benefits. *See Meier,* 727 F.3d at 873 (rejecting government's attempt to establish substantial justification for its position by relying on arguments raised on previous unsuccessful appeal); *Shreves v. Colvin,* 2013 WL 4010993 at *3 (D. Ariz. Aug. 6, 2013) (rejecting government's reliance on arguments made in opposing judicial review of the Commissioner's decision to show substantial justification for its position). In light of the errors in the ALJ's analysis, the Court cannot conclude that the government was substantially justified in defending the administrative decision in this case. Consequently, Plaintiff is entitled to attorneys' fees under the EAJA.

Defendant does not contest the amount of fees requested. (*See* Doc. 25). However, Defendant points out that in light of *Astrue v. Ratliff,* 560 U.S. 586 (2010), EAJA fees awarded "belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B))." (Doc. 25, p. 7 n.1). "The parties agree that any EAJA fees should be awarded as payable to Plaintiff and not to Plaintiff's attorney." (*Id.* (citations omitted)).

Attorneys' fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. §2412(d)(2)(A). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. §2412(b); *Pierce,* 487 U.S. at 571. The Court has reviewed the hours billed by Plaintiff's counsel. (*See* Doc. 24, pp. 8-9 & Exhs. B, C). The Court finds reasonable the submission of 5.25 hours on behalf of Mr. Butler and 26.8 hours on behalf of Mr. Schnaufer billed at the cost-of-living adjusted rates. *See Costa v. Comm'r. of Social Security,* 690 F.3d 1132, 1136 (9th Cir. 2012) (in determining the reasonableness of fee requests, the court may consider the fact that "[m]any district courts have noted

that twenty to forty hours is the range most often requested and granted in social security cases.").

**CONCLUSION**

For the foregoing reasons, Plaintiff is to entitled attorneys' fees in the uncontested amount of $5,966.10.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 23), in the amount of $5,966.10 is GRANTED.  Payment will be made payable to Plaintiff and delivered to Plaintiff's attorney at his office:  J. Patrick Butler, Tretschok, McNamara & Miller, P.C., P.O. Box 42887, Tucson, AZ 85733-2887.

Dated this 18th day of June, 2015.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE